PHILLIP A. TALBERT
United States Attorney
BRITTANY M. GUNTER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00110-JLT-SKO |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: TBD<br>TIME: 9:00AM |
| ROMAN RODRIGUEZ, | COURT: Hon. JENNIFER L. THURSTON |
| Defendant. | |

### I. INTRODUCTION

**A.  Scope of Agreement.**

The indictment in this case charges the defendant with a violation of 18 U.S.C. § 2252(a)(2) for receipt and distribution of material involving the sexual exploitation of minors ("Count One") and violations of 18 U.S.C. § 2252(a)(2) for receipt of material involving the sexual exploitation of minors ("Counts Two through Four"). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.  Court Not a Party.**

PLEA AGREEMENT                                                1

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea.

The defendant will plead guilty to Count One - receipt and distribution of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

1.   Supervised Release.

The defendant acknowledges that the Court could impose up to a lifetime term of supervised

release. The defendant agrees that a component of an overall reasonable sentence will be a term of supervised release of at least 180 months, and he agrees he will not seek early termination of supervised release.

**B.     Restitution.**

The defendant agrees the conduct to which he is pleading guilty requires him to pay mandatory restitution to the victims under 18 U.S.C. § 2259 and 18 U.S.C. § 3663A. The defendant agrees to pay restitution to the victims of his crimes in the amount determined by the Court, which will be at least $3,000 per victim who submits a sufficient claim.

Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Defendant agrees that all criminal monetary penalties imposed by the court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities or real property) with an aggregate value of less than $5,000.

Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the

Court.

## C. Fine.

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

## D. Special Assessment.

The defendant agrees to pay a special assessment of $5,100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant agrees that this special assessment includes:

1. A mandatory special assessment of $100 under 18 U.S.C. § 3013; and
2. A mandatory special assessment of $5,000 under 18 U.S.C. § 3014.

The defendant understands that the Court may also order a discretionary special assessment of up to $35,000 under 18 U.S.C. § 2259A.

The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

## E. Violation of Plea Agreement by Defendant/Withdrawal of Plea.

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or

PLEA AGREEMENT 4

procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F. **Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Those assets include, but are not limited to, the following:

1. Apple iPhone 15;
2. Samsung Galaxy S24;
3. SanDisk 128 Gigabyte USB Flash Drive; and
4. MSI Laptop Model MS-174K and Drive

The defendant agrees that the listed assets constitute property that contains visual depictions produced, transported, mailed, shipped, or received in violation of 18 U.S.C. § 2252(a)(2) and is property that was used or intended to be used to commit and to promote the commission of the aforementioned violation.

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

G.  **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

Defendant expressly authorizes the United States to immediately obtain a credit report to evaluate defendant's ability to satisfy any monetary penalty imposed by the court. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

### III.  THE GOVERNMENT'S OBLIGATIONS

A.  **Dismissals/Other Charges.**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea), VI.B (Stipulated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

B.  **Recommendations.**

1.  Incarceration Range.

The government will recommend that the defendant be sentenced to a term of imprisonment within the applicable guideline range, including the application of the mandatory minimum term and up to the statutory maximum of 240 months, as determined by the Court.

2.  Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if

the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, receipt and distribution of material involving the sexual exploitation of minors, a violation of 18 U.S.C. § 2252(a)(2):

1. The defendant knowingly received and distributed a visual depiction;
2. The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
3. The visual depiction was of a minor engaging in sexually explicit conduct;
4. The defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct; and
5. The visual depiction was received and distributed using any means or facility of interstate or foreign commerce, by shipping or transporting in or affecting interstate or foreign commerce, or contained materials that had been mailed, shipped, or transported in interstate commerce, by any means including by computer.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.     MAXIMUM SENTENCE

### A.     Maximum Penalty.

The maximum sentence that the Court can impose is 20 years of imprisonment, with a mandatory minimum of 5 years of imprisonment, a fine of $250,000, or both fine and imprisonment, a lifetime period of supervised release, with a mandatory minimum of 5 years of supervised release, and a special assessment of $40,100, pursuant to 18 U.S.C. §§ 3013, 3014, and 2259A. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.     Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years imprisonment. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the Court may revoke the supervised release and impose a prison sentence of at least five years. The Supreme Court in *United States v. Haymond*, 139 S. Ct. 2369 (2019) has held that such a revocation requires a finding by a jury, however, not by a judge.

## VI.     SENTENCING DETERMINATION

### A.     Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

  **B.** **<u>Stipulated Guideline Calculation.</u>**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

| | | |
|---|---|---:|
| 1. | Base Offense Level (2G2.2(a)(2)): | **22** |
| 2. | Specific Offense Characteristics: | |
| | Prepubescent Minors (2G2.2(b)(2)) | **+2** |
| | Knowing Distribution (2G2.2(b)(3)(F)) | **+2** |
| | Material Portraying Sexual Exploitation of a Toddler (2G2.2(b)(4)(B)) | **+4** |
| | Use of a Computer (2G2.2(b)(6)) | **+2** |
| | Over 600 Images (2G2.2(b)(7)(D)) | **+5** |
| 3. | Adjusted Offense Level: | **37** |
| 4. | Acceptance of Responsibility: See paragraph III.B.2 above. | **-3** |
| 5. | Criminal History: The parties estimate, but do not stipulate, that the defendant's criminal history category will be I. | |

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on post-plea obstruction of justice (§3C1.1), only if applicable.

The defendant reserves the right to argue for a variance from the guidelines range determined by the Court based on the factors set forth in 18 U.S.C. § 3553, down to no less than 120 months of imprisonment. The defendant acknowledges that if the defendant requests or suggests in any manner a sentence of imprisonment less than 120 months, that will be considered a violation of the plea agreement. The government's remedies and remaining obligations in this agreement shall be as outlined in paragraph II.E, above. The government reserves the right to argue against any downward variance.

The government will recommend that the defendant be sentenced to a term of imprisonment

PLEA AGREEMENT         10

within the applicable guideline range, as determined by the Court, up to the statutory maximum of 240 months. The government reserves the right to argue that the Court should impose a term of supervised release of at least 180 months.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any

right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### E. Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §

3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of California Penal Code § 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### IX.    APPROVALS AND SIGNATURES

**A.    Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to

plead guilty as set forth in this plea agreement.

Dated: 11/25/24

MONICA BERMUDEZ
Attorney for Defendant

B.  **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 11/25/24

ROMAN RODRIGUEZ
Defendant

C.  **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:  12/02/2024

PHILLIP A. TALBERT
United States Attorney

BRITTANY M. GUNTER
Assistant United States Attorney

PLEA AGREEMENT                     14

EXHIBIT "A"

Factual Basis for Plea

If this case went to trial, the United States would establish the following facts beyond a reasonable doubt:

Beginning no later than on or about February 18, 2024, and continuing through on or about February 22, 2024, in Kern County, within the State and Eastern District of California, and elsewhere, the defendant, Roman Rodriguez, did knowingly receive and distribute at least one visual depiction of a minor engaged in sexually explicit conduct and which depiction was of such conduct, as defined in 18 U.S.C. § 2256, and which had been shipped or transported in or affecting interstate or foreign commerce or had been sent or received using any means or facility of interstate or foreign commerce.

More specifically, the defendant received and distributed through the use of an Apple iPhone 15 cellphone, which was manufactured outside of California, and therefore traveled in interstate and foreign commerce, and the internet, at least one image file which contained a visual depiction, the producing of which involved the use of a minor engaged in sexually explicit conduct and was of such conduct, and which had traveled in interstate and foreign commerce, all in violation of 18 U.S.C. § 2252(a)(2). The defendant received 600 or more images of material depicting minors engaged in sexually explicit conduct, and these images and videos included depictions of the sexual exploitation of prepubescent minors and of at least one toddler. The defendant also knowingly distributed images and videos depicting minors engaged in sexually explicit conduct to other individuals.

I have reviewed the "Factual Basis" information above with my attorney and agree that it is accurate.

Dated: 11/25/24

ROMAN RODRIGUEZ
Defendant

PLEA AGREEMENT                                           A-1